J. B. NEWLIN v. IOWA CENTRAL RAILWAY COMPANY, Appellant.

**Railways:** CONTRIBUTORY NEGLIGENCE: EVIDENCE: NEW TRIAL. In an action for injuries received in dismounting from a passenger

car, the evidence is reviewed and held insufficient to support a verdict for plaintiff because of his negligence in alighting when the car was in motion, and the overruling of a motion for a new trial was therefore error.

*Appeal from Monroe District Court.*— HON. C. W. VER-MILLION, Judge.

WEDNESDAY, JUNE 14, 1905.

ACTION to recover damages for injuries alleged to have been received by being thrown off from the platform of a passenger coach by reason of the sudden starting of the train while plaintiff was attempting to alight therefrom. On the issue raised by a general denial of the allegation of the plaintiff's petition there was a verdict for plaintiff in the sum of $50, and from a judgment on the verdict the defendant appeals.— *Reversed.*

*Geo. W. Seevers* and *T. B. Perry,* for appellant.

*Hoffman & Jackson* and *J. C. Mabry,* for appellee.

McCLAIN, J.— The sole question presented on this appeal is whether the trial court erred in overruling the motion for a new trial on the ground that the verdict was without support in the evidence. The only negligence on the part of the employés of the defendant which plaintiff attempted to establish was alleged negligence in announcing the name of the station prior to a stopping of the train at a place before the station was reached, so that plaintiff was induced to go out upon the platform of the passenger coach, preparatory to getting off at a place where there was no station platform, and afterwards, without warning to the plaintiff, suddenly starting the train again for the purpose of pulling up to the station platform, by which sudden starting plaintiff was thrown from the platform to the ground, and received the injuries complained of. The testimony of plaintiff

tended to show that as the train approached Albia from the north (that being plaintiff's destination) " the train whistled, and then run a piece (I don't know how far; a right smart piece) and stopped, and they commenced getting off." " I got out at the door, and I was either on the second step from the ground, or the last (I don't know which), when they gave a quick jerk, which jerked me loose." He further says that, before the train gave the jerk which caused him to fall, it was at a full stop. He further says that while he was standing on the steps there was a sudden jerk, which threw him out to the side, straight onto the ground; that he didn't " ride the car " any distance after it started, but as the car started he was thrown off, and fell to the ground. Plaintiff further testified that he was rendered unconscious by the fall, and remained unconscious while his wounds were being dressed by a physician.

The only witness who testified for the plaintiff with reference to the place where plaintiff fell or was thrown from the train said that he was the night policeman at the station at the time plaintiff was injured; was at the depot when the train came in; that the train stopped before it reached the station, in accordance with its usual custom, north of the clearance point of the tracks of the Wabash and Iowa Central roads, which both come into the same station; that the switch stand for these two tracks is about opposite the north end of the station, and that, upon being advised that some one had been thrown from the train, he went to the opposite side of the train from the station, and found plaintiff lying on the ground about seventy-five or one hundred feet north of the switch stand, the point where he was found being twenty-five or thirty feet south of the point of clearance of the two tracks. It is conclusively shown by half a dozen witnesses, including the conductor, the car inspector, a bus driver, and two passengers, that the train stopped before reaching the clearance point for the two tracks, and that when it was thus stopped

the platform of the car from which plaintiff fell was two or three hundred feet north of the clearance point, and therefore more than that distance north of the point where plaintiff fell.    These witnesses testify that plaintiff was not jerked off, and did not attempt to get off the platform while the train was stopped north of the clearance point, but that he attempted to get off from the platform and fell when the front part of the train was opposite the station platform.    The testimony of these witnesses, as well as that of plaintiff's witness, is wholly inconsistent and irreconcilable with the testimony of the plantiff that he was attempting to get off the car platform while the train was stopped north of the clearance point, and was caused to fall to the ground by the jerking of the train as it started up.    If the plaintiff fell while attempting to get off the train after it was in motion, he was plainly guilty of contributory negligence, and there was nothing in the evidence to indicate any excuse for such an action.    The place where he was found on the ground unconscious was so far south of the place where he would have fallen, were he jerked off the platform by the starting of the train, that it is impossible to believe his account with reference to being jerked off the platform when the train started.

Without further discussing the details of the evidence, we reach the conclusion that the uncontroverted testimony as to the place where the train stopped and the place where plaintiff was found conclusively negatives the testimony that he was jerked from the train, and proves beyond question that he fell from the train while attempting to dismount after the train was in motion, and therefore shows that he was guilty of contributory negligence.

The court should have sustained the motion to set aside the verdict and grant a new trial, and the judgment is *reversed.*